UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT M. ROGERS, Ph.D.,<br><br>Plaintiff,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA and UNUM GROUP,<br><br>Defendants. | Civil Action No. 1:22-CV-11399-AK |

## MEMORANDUM AND ORDER

**ANGEL KELLEY, D.J.**

  Plaintiff Robert M. Rogers, Ph.D. ("Dr. Rogers") brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1100–1145, challenging the denial of his claim for long-term disability ("LTD") benefits by Defendants Unum Life Insurance Company of America and Unum Group (together, "Unum"). Following the Court's October 9, 2024 Memorandum and Order (the "Order") remanding the matter for further administrative review, Unum issued a revised determination letter on January 7, 2025 (the "Revised Letter"). [Dkt. 42]. Dr. Rogers responded that the Revised Letter failed to provide a reasoned basis, supported by substantial evidence, for denying his LTD claim, and he renewed his request for an award of benefits and attorney's fees. [Dkt. 44]. Unum maintained that its decision was reasonable and consistent with ERISA, the governing plan, its claims procedures, and its Regulatory Settlement Agreement ("RSA"). [Dkt. 46]. While these filings were under advisement, Dr. Rogers submitted supplemental authority citing Mundrati v. Unum Life Ins. Co. of Am., 772 F. Supp. 3d 567 (W.D. Pa. 2025), which he contends supports his position.

1

[Dkt. 47]. For the reasons below, the Court concludes that Unum's final decision denying LTD benefits to Dr. Rogers was arbitrary and capricious, and judgment will enter for Dr. Rogers, with benefits awarded consistent with the terms of the policy and attorney's fees to be considered.

## I.   BACKGROUND

### A.   Factual Background

Dr. Rogers was employed as a Senior Scientist with MKS Instruments, Inc. Through his employment, he was insured under a group LTD policy issued and administered by Unum (the "Policy"). Under the Policy, a claimant is "disabled" if, due to sickness or injury, he is unable to perform the material and substantial duties of his "regular occupation." The Policy requires that the disabling condition be supported by medical evidence and that the claimant be under the regular care of a physician.

Dr. Rogers has been diagnosed with connective tissue disease, emphysema, chronic pain, and other ailments that he contends progressively impaired his ability to perform his occupation. He stopped working on February 13, 2020, received short-term disability benefits, and submitted a claim for LTD benefits, asserting that his symptoms, including fatigue, pain, and reduced stamina, prevented him from sustaining the physical and cognitive demands of his role.

Unum gathered medical records from Dr. Rogers's treating physicians and, in December 2020, denied the LTD claim, concluding that the evidence did not support restrictions or limitations ("R&Ls") that would preclude him from performing his regular occupation. Dr. Rogers appealed in May 2021. The appeal was assigned to different claims personnel and reviewed by Dr. Scott Norris, an internal Unum physician, who conducted a record-only review and concluded that the medical evidence did not substantiate disabling R&Ls during the elimination period. At Dr. Rogers's request, Unum arranged for an independent medical

examination ("IME") by Dr. Ronald Rapoport, who also opined that Dr. Rogers could perform his occupation, which Unum classified as "light work" under the Dictionary of Occupational Titles. In August 2021, Unum upheld its denial, providing Dr. Rapoport's report to Dr. Rogers for comment. Dr. Rogers submitted additional medical information in December 2021, but Unum reaffirmed its decision in May 2022, again concluding that the evidence did not support disability as defined by the Policy.

### B. Procedural History

Dr. Rogers filed this ERISA action in July 2022. On October 9, 2024, the Court issued the Order granting in part and denying in part the parties' cross-motions for summary judgment and remanding the matter to Unum for further administrative proceedings. The Court found that Unum's prior determination letter did not comply with the RSA, which was a nationwide settlement requiring Unum to give "significant weight" to the opinions of a claimant's treating physicians and, if rejecting those opinions, to provide a detailed explanation grounded in the medical record. The Court identified several deficiencies, including: summarizing but not meaningfully engaging with the treating physicians' opinions or explaining why their assessments of functional limitations were discounted; relying heavily on the absence of objective findings without adequately addressing subjective but clinically significant symptoms such as fatigue and pain; failing to reconcile the treating physicians' opinions with the actual material duties of Dr. Rogers's occupation; and conducting a record-only review that did not address certain later-dated evidence, despite the RSA's requirement to substantively discuss all relevant medical information, even if generated after the elimination period, when it sheds light on the claimant's condition during that period. The Court directed Unum to issue a revised determination letter that: (1) specifically addresses each treating physician's opinion; (2)

explains the weight given to those opinions and the reasons for any rejection; (3) considering both objective and subjective evidence; and (4) linking the medical findings to the actual demands of Dr. Rogers's occupation.

On January 7, 2025, Unum filed the Revised Letter. Dr. Rogers responded, asserting that the Revised Letter failed to provide a reasoned basis for denying benefits and renewing his request for an award of LTD benefits and attorney's fees. Unum replied, maintaining that its decision was reasonable and supported by substantial evidence. While the matter was under advisement, Dr. Rogers filed a notice of supplemental authority citing Mundrati, in which that court criticized Dr. Norris's record-only review in another case.

## II.   LEGAL STANDARD

Under ERISA, a participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). A denial of benefits is reviewed de novo unless the plan grants the administrator discretionary authority to determine eligibility or construe plan terms. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). Where, as here, the plan grants such discretion, the Court applies a deferential "arbitrary and capricious" standard. Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 111 (2008); Vlass v. Raytheon Emps. Disability Tr., 244 F.3d 27, 30 (1st Cir. 2001). Under this standard, the administrator's decision will be upheld if it is reasoned and supported by substantial evidence, even if the Court might have reached a different conclusion. Vlass, 244 F.3d at 30. Substantial evidence is "such evidence that a reasonable mind might accept as adequate to support the conclusion reached." Id. The Court's review is generally limited to the administrative record and focuses on the plan administrator's final, post-appeal decision. Terry

v. Bayer Corp., 145 F.3d 28, 35 (1st Cir. 1998).  Where the record is fully developed, contains no significant factual disputes, and establishes the claimant is entitled to benefits, the appropriate remedy is an award of benefits.  Cook v. Liberty Life Assurance Co. of Boston, 320 F.3d 11, 24 (1st Cir. 2003) (remand unnecessary where the record "compels a finding" in claimant's favor).

### III.     DISCUSSION

Dr. Rogers argues that Unum's final decision denying his LTD claim was arbitrary and capricious because it failed to provide a reasoned explanation, supported by substantial evidence, for rejecting the consistent and credible opinions of his treating physicians and for concluding that he could perform the material and substantial duties of his regular occupation during the elimination period.  He emphasizes that Unum had already determined he was disabled for purposes of short-term disability, FMLA, and Social Security benefits, all based on the same medical conditions and the same period at issue here.  He contends that the Revised Letter issued after remand continues to suffer from the same core deficiencies identified in the Order.  Specifically, it recites but does not meaningfully engage with treating-source opinions, relies heavily on the absence of certain objective findings while discounting subjective but clinically significant symptoms such as fatigue and pain, fails to reconcile those symptoms with the actual demands of his occupation, and does not explain the inconsistency between Unum's own prior determinations and its LTD denial.  Unum responds that its determination is reasonable and supported by substantial evidence, pointing to the conclusions of Drs. Norris, Kim, Green, and Rapoport that Dr. Rogers retained the capacity to perform his occupation as defined in the plan. Unum asserts that the RSA's requirements were met, that the Revised Letter addressed each treating physician's opinion, and that the differing outcomes between short-term and long-term disability determinations are permissible under the Policy.

### A.    Continued Deficiencies in the Revised Letter

The Order identified specific deficiencies that undermined the reasonableness of Unum's prior denial. The Revised Letter remedies some of those issues in form, but not in substance. While it now expressly acknowledges the opinions of Drs. Chisholm, Ferrante, Chapman, and Tufo, it continues to discount them without adequate explanation. Each of these treating physicians, covering primary care, rheumatology, orthopedics, and psychiatry, opined that Dr. Rogers's conditions prevented him from performing his occupational duties during the elimination period. Their conclusions were based on direct examination, long-term treatment, and consistent clinical findings. The Revised Letter does not grapple with the weight of this consistent, cross-specialty evidence. Instead, Unum's internal reviewers, particularly Dr. Norris, relied on the absence of certain objective test results to discount these opinions, without addressing the clinical reality that fatigue, pain, and reduced stamina, central to Dr. Rogers's disability, are inherently subjective but nonetheless medically significant. This approach is inconsistent with the RSA's requirement to give "significant weight" to treating-source opinions and to provide a detailed, evidence-based rationale for rejecting them.

### B.    Inconsistent Treatment of Disability Determinations

The record reflects that Unum approved Dr. Rogers's short-term disability benefits three separate times in March, May, and July 2020, ultimately awarding the maximum 26 weeks of benefits based on the same medical conditions and the same treating-source evidence at issue here. Those approvals relied on the records and certifications of Drs. Ferrante and Chisholm, which Unum now discounts for LTD purposes without explaining what changed. Further, during the elimination period, the Social Security Administration and Unum's own FMLA division also determined that Dr. Rogers was disabled. While the Court recognizes that different programs apply different standards, Unum offers no persuasive explanation for how Dr. Rogers could be

6

deemed unable to work for purposes of short-term disability, FMLA, and Social Security, yet simultaneously capable of performing his occupation for LTD purposes during the same timeframe. This unexplained inconsistency undermines the reasonableness of the LTD denial.

### C. Failure to Reconcile Occupational Demands and Medical Evidence

The Revised Letter continues to classify Dr. Rogers's occupation as "light work" without analyzing whether that classification accurately reflects the cognitive and physical demands of his actual duties as a Senior Scientist. Dr. Rapoport's IME, while concluding that Dr. Rogers could perform "light work," expressly noted fatigue-related limitations. Unum's final decision does not reconcile those limitations with the demands of the occupation, nor does it explain how such limitations would not erode his ability to sustain competitive employment in that role.

### D. Persuasive Value of the Mundrati Decision

The Court finds Mundrati persuasive in evaluating the reasonableness of Unum's decision here. In Mundrati, the court criticized Dr. Norris's record-only review for failing to substantively address treating-source opinions, for discounting later-dated evidence as not time-relevant without a reasoned basis, and for selectively relying on portions of the record that supported denial while ignoring contrary evidence. Those same deficiencies are present in this case. Dr. Norris did not examine Dr. Rogers, did not reconcile the treating physicians' consistent assessments with his own conclusions, and discounted relevant evidence without adequate explanation. Although Mundrati arose in a different jurisdiction and under a different factual record, its reasoning underscores the importance of transparent engagement with treating-source opinions and the impropriety of unexplained discounting of relevant medical evidence. The parallels here reinforce the conclusion that Unum's decision was arbitrary and capricious.

### E. Totality of the Record

The question before the Court is whether Unum's denial of Rogers' LTD benefits was arbitrary and capricious under ERISA, the Policy, and the RSA. On this record, it was. The consistent opinions of four treating physicians, the approvals of short-term disability, FMLA, and Social Security benefits, and the absence of any persuasive explanation for rejecting that body of evidence compel the conclusion that Unum's denial lacked a reasoned basis. Unum has now had multiple opportunities, including on remand, to conduct a full and fair review. The deficiencies in the Revised Letter are not minor; they go to the heart of the administrator's obligation to engage with the evidence in a meaningful way. The record is fully developed and supports only one conclusion: Dr. Rogers was disabled, as defined by the Policy, during the elimination period.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Unum's final decision denying Dr. Rogers's claim for LTD benefits was arbitrary and capricious. The decision is unsupported by substantial evidence and fails to provide a reasoned explanation for rejecting the consistent and credible opinions of Dr. Rogers's treating physicians. Judgment shall enter for Plaintiff Dr. Robert M. Rogers, and Defendants shall award LTD benefits consistent with the terms of the Policy. The Court will entertain a motion for attorney's fees and costs, with supporting documentation, to be submitted no later than Thursday, September 18, 2025. A reply or opposition to such motion, if any, is due no later than Tuesday, September 23, 2025.

**SO ORDERED.**

Dated: September 11, 2025

/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge