UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

ROBERT M. ROGERS, Ph.D.,
      Plaintiff,

      v.

UNUM LIFE INSURANCE COMPANY OF
AMERICA and UNUM GROUP,
      Defendants

CIVIL ACTION NO.
1:22-cv-11399-AK

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS, AND OPPOSITION TO MOTION TO AMEND JUDGMENT

In the Memorandum and Order dated September 11, 2025 ("Memorandum"), this Court stated it would "entertain a motion for attorney's fees and cost, with supporting documentation . . ." The plaintiff, Robert Rogers, has now filed that motion. However, Mr. Rogers has added an unsolicited request for relief. While tacking it on to his motion as one "To Establish The Past Due Benefits," Mr. Rogers is seeking to amend the Judgment also dated September 11, 2025.

The defendants oppose Mr. Roger's motion for attorney's fees insofar as it seeks an award of $101,700 for 113 hours at the rate of $900 per hour. The defendants contend a reasonable fee is in the amount of $54,443 based on 91.5 hours at $700 per hour, with a 15% deduction for non-core legal work.

In addition, the defendants oppose Mr. Rogers' attempt to amend the Judgment on the grounds that it is untimely pursuant to Federal Rule of Civil Procedure 59. Furthermore, the relief is inappropriate because this Court has already ordered that benefits be paid in accordance with the relevant policy. Mr. Rogers seeks to prevent Unum Life Insurance Company of America ("Unum Life"), the insurer, from exercising its responsibility under the ERISA plan to determine

and calculate the amount of benefits he is entitled to under the terms of the of the plan should he ultimately prevail in this action.

## ARGUMENT

**A.      Should This Court Decide To Award Mr. Rogers' Attorney's Fees, The Request Is Too High**

If this Court does elects to award attorney's fees, the hours and the requested billing rate should both be reduced.

### i.      Multiple Hours Do Not Warrant Any Payment.

For time spent as far back as September 2022, Attorney Feigenbaum seeks payment for time calculating the value of the case and engaging in settlement discussion with Unum Life. Putting aside that disclosing such discussions is improper, these hours, totaling 9.5 hours, are not appropriate for reimbursement.  Moreover, Unum Life should not be penalized by having to pay attorney's fees for its willingness to discuss a potential resolution of the claim.

Similarly, Attorney Feigenbaum is seeking payment for two hours of time related to Mr. Rogers' attempt to amend the Judgment to add an award of LTD benefits.  The merits of the motion to amend is addressed in the next section of this opposition, and time spent on that issue should not be reimbursed.

In addition, Attorney Feigenbaum should not be reimbursed for hours devoted to Mr. Rogers' unsuccessful attempt to prevent a remand of this case to Unum Life as provided in this Court's order dated March 31, 2024.  As subsequently stated by this Court in its Electronic Order dated October 9, 2024:

> During the April 12, 2024 conference to address next steps, the Court provided the parties an opportunity to file their respective recommendations on how to execute the Order… Unum recommended that it be allowed to revise and re-submit its May 2022 determination letter ("Letter") in accordance with the Regulatory Settlement Agreement ("RSA") and the Order within 90 days of the instant order. Rogers

disregarded the Court's instruction and essentially filed a motion for reconsideration providing no other pathway forward… In his filings, he mischaracterizes the Court's findings and boldly argues—providing no authority— that ERISA does not permit "this type of new remand" and departs from "First Circuit law." Indeed "in some situations a district court, after finding a mistake in the denial of benefits, could conclude that the question of entitlement to benefits for a past period should be subject to further proceedings before the ERISA plan administrator." Cook v. Liberty Life Assur. Co. of Bos., 320 F.3d 11, 24 (1st Cir. 2003); see also Recupero v. New Eng. Tel. and Tel. Co., 118 F.3d 820, 830 (1st Cir.1997) (discussing that procedural inadequacy is an acceptable reason for the court to remand for reconsideration by the administrator) Hatfield v. Blue Cross & Blue Shield of Mass., Inc., 162 F. Supp. 3d 24, 43 (D. Mass. 2016) ("Given the nature of Blue Cross' procedural violations of ERISA, which were meaningful but not severe, the proper remedy is a remand for further proceedings."); Krodel v. Bayer Corp., 345 F. Supp. 2d 110, 116-117 (D. Mass. 2004)(remanding where plan administrator failed to comply its own internal rules). The Court was well within its right to remand. **Rogers' time would have been better spent providing an alternative course of action to obtain the information the Court requires, as it requested.** (emphasis added).

The amount of time devoted to that effort between April and October 2024 totals 10 hours and should not be reimbursed.

In total 21.5 hours should be reduced from Mr. Rogers' fee request.

### ii.    Mr. Rogers Has Made No Attempt To Distinguish Between Core and Non-Core Work .

Multiple courts recognize it is appropriate to distinguish between core and non-core hours and assign different billing rates to each. Holt v. Raytheon Technologies, 2022 WL 6819544 (D. Mass. 2022); McGhahey v. Harvard Univ. Flexible Benefits Plan, 685 F. Supp. 2d 181, 185 (D. Mass. 2010).  Core work includes "legal research, writing of legal documents, court appearances, negotiations with opposing counsel, and monitoring and implementing court orders.  Non-core work consists of less demanding tasks, including letter writing and telephone conversations." Brewster v. Dukakis, 3 F3d. 488, 492 fn. 4 (1st Cir. 1993).

Courts have taken different approaches to address the reimbursement of core versus non-core activities.  One approach is to reduce the hourly billable rate for non-core work to 2/3 of the

full rate for core work.  Brewster, 3 F.3d at 494.  Another approach is to apply a global reduction

of 15% to the fee request to account for time spent on non-core work.  This was route taken by

the court in Holt v. Raytheon Technologies, 2022 WL 6819644 at *5 (D. Mass. 2022). See also,

Torres- Rivera v, O'Neill-Cancel, 524 F 3rd 331, 340 (1st Cir. 2008) (upholding a district court's

decision to make a 15% global reduction in attorney's fees).

Mr. Rogers failed to distinguish between core and non-core activities, and this Court need

not do that task on his behalf. Therefore, a 15% reduction in the billable rate approved by this

Court should be applied.

### iii.    An Hourly Rate of $900 for Attorney Feigenbaum Is Excessive

Even though Mr. Rogers' counsel has submitted affidavits from ERISA plaintiffs'

lawyers from across the country, the First Circuit in Hutchinson ex rel. Julien v. Patrick, 636

F.3d 1, 16 (1st Cir. 2011) held that "[T]here is no universal market rate for legal services. Rather,

[r]easonable hourly rates will vary depending on the nature of the work, the locality in which it is

performed, the qualifications of the lawyers, and other criteria." citing United States v. One Star

Class Sloop Sailboat, 546 F.3d 26, 38 (1st Cir. 2008).

In support of the motion for fees, Attorney Feigenbaum argues that granting fees at his

"current rate" of $900 will account for inflation, among other things. However, a review of

awards to Attorney Feigenbaum cited in the supporting memorandum (pages 12 and 13) filed by

Mr. Rogers reveals courts have repeatedly awarded Attorney Feigenbaum a rate of $700 or less

per hour. There is no justification in any of the materials submitted in support of the fee

application as to why an hourly rate should increase from $700 to $900 per hour, a 28% increase,

over such a short period.

### iv.    At Most, Attorney's Fees In The Amount of $54,443 Should Be Awarded.

Applying all of the factors discussed above, should this Court determine an award of attorney's fees is warranted, results in the following:

| | |
|---|---|
| Number of Hours Requested | 113 |
| Non-Compensable Hours | -21.5 |
| Total | 91.5 |

91.5 hours x $700 hourly rate = $64,050.

Less a 15% global reduction to address non-core legal work: $64,050 - $9,607 = $54,443.

### B.    Mr. Rogers' Motion To Amend The Judgment Should Be Denied Because It Is Untimely And Unnecessary

### i.    The Motion To Amend The Judgment Is Untimely

While not titled so, Mr. Rogers attempt to have this Court declare the amount of benefits he should be paid is a motion seeking to amend the Judgment.  As a threshold of matter, this attempt must be rejected because it is untimely.

Federal Rule of Civil Procedure 59(e) provides a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Vaqueria Tres Moniitas, Inc. v. Comas-Pagan, 772 F.3rd 956, 958 (1st Cir. 2014).  In this case, the Court entered Judgment on September 11, 2025. Mr. Rogers filed his motion on October 10, 2025, 29 days after the Judgment entered. Thus, as a matter of law, Mr. Rogers' attempt to alter the Judgment must be rejected as untimely. Banister v. Davis, 590 U.S. 504, 507-508 (2020) (Rule 59(e) allows a litigant to file a motion to amend a district court's judgment within 28 days from the entry of judgment, with no possibility of an extension.)

### ii.    A Motion to Amend The Judgment Is Unnecessary.

Mr. Rogers attempt to amend the Judgment should also be rejected because the relief is unnecessary. In the Memorandum, this Court stated "Defendants shall award LTD benefits consistent with the terms of the Policy." This was an appropriate order given that several steps need to be taken in order to determine the amount of benefits that may be owed to Mr. Rogers.

For instance, the group policy, which is part of the Administrative Record (Volume I) provides benefits for Mr. Rogers' inability to perform his own occupation for 24 months. After that, Mr. Rogers must demonstrate he is unable to perform any gainful occupation for which he is reasonably fitted by education, training or experience. (Vol. I, p. 16). Mr. Rogers is seeking an award of benefits for 62 months. Because Mr. Rogers' LTD claim was never approved, he was only considered for benefits based on his ability to perform his own occupation. No review has been conducted regarding his ability to do any occupation.

In addition, the policy provides for offsets to the LTD benefit based on the receipt of various sources of income including payments under the Social Security Act. (Vol. I, p. 19). Mr. Rogers has given varying amounts that he and his children receive from Social Security, but Unum Life has not had the opportunity to verify those amounts or the dates upon which they have been paid.  A cursory review of Mr. Rogers' claimed offsets appears to be incorrect. Moreover, Unum Life has not had the opportunity to determine whether Mr. Rogers is receiving any other deductible sources of income.

Given these various factors, it was appropriate for the court to instruct Unum Life to determine Mr. Rogers' disability benefit pursuant to the terms of the group policy. The amount of any benefit payable to Mr. Rogers was not an issue litigated with this Court given that Mr.

16310/00219/4927-2627-9027 v.1

Rogers was found by Unum Life not to be eligible for any benefit. For this reason, as well, Mr.

Rogers' request to be awarded back benefits should be denied.

<div style="margin-left:50%">

UNUM LIFE INSURANCE COMPANY
OF AMERICA and UNUM GROUP,

By their attorney,

/s/ Joseph M. Hamilton
Joseph M. Hamilton
BBO #546394
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502
jhamilton@mirickoconnell.com

</div>

Dated: October 23, 2025

### CERTIFICATE OF SERVICE

I, Joseph M. Hamilton, hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 23, 2025.

<div style="margin-left:50%">

/s/ Joseph M. Hamilton
Joseph M. Hamilton

</div>